IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LTNRT, INC. d/b/a/ WHAT IF CREATIVE                              PLAINTIFF

v.                           Case No. 2:13-CV-02072

?WHAT IF! HOLDINGS LIMITED                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

On April 18, 2013, Defendant ?What If! Holdings Limited filed a Motion to Dismiss or, in the alternative, Motion to Transfer (Doc. 9).  In the Motion, Defendant asserts that the Complaint should be dismissed for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), improper venue pursuant to Rule 12(b)(3), and for failure to state a claim pursuant to Rule 12(b)(6).  In the alternative, Defendant requests that the case be transferred to the Southern District of New York, where Defendant agrees it would be subject to personal jursidiction.

Plaintiff LTNRT, Inc. d/b/a What If Creative submitted a Response in Opposition (Doc. 13) to Defendant's Motion to Dismiss, which the Court will also construe as a Motion for Leave to Conduct Jurisdictional Discovery.  Plaintiff asks the Court to defer ruling on Defendant's Motion to Dismiss on the merits and allow Plaintiff the opportunity to conduct limited jurisdictional discovery to establish whether minimum contacts sufficient to establish general personal jurisdiction exist in this case.

Whether to grant jurisdictional discovery is a decision committed to the sound discretion of the district court, and the denial of a plaintiff's request to conduct jurisdictional discovery is reviewed for abuse of discretion. *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 713 (8th Cir. 2003). Jurisdictional discovery is properly denied "'when a plaintiff offers only speculation or conclusory

assertions about contacts with a forum state.'" *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004)).  However, when a plaintiff offers documentary evidence in support of its argument that general personal jurisdiction exists, a court should not dismiss the cause of action before allowing the plaintiff to take jurisdictional discovery.  *Steinbuch v. Cutler*, 518 F.3d 580, 588-89 (8th Cir. 2008) (district court's dismissal of complaint and refusal to allow plaintiff to conduct limited jurisdictional discovery on the issue of the defendant's minimum contacts with Arkansas was abuse of discretion, as plaintiff had "offered documentary evidence, and not merely speculations or conclusory allegations").

Turning to the facts in the instant action, the Court finds that Plaintiff has alleged more than mere speculation as to Defendant's minimum contacts with Arkansas.  Plaintiff asserts that Defendant has made the claim that instances of actual consumer confusion have taken place concerning Plaintiff's and Defendant's similar marks.  Plaintiff states that since Arkansas is Plaintiff's primary place of business, and Plaintiff primarily represents local businesses in Fort Smith, Arkansas, any actual confusion between the parties' two marks is likely to have arisen in Arkansas.  Further, Plaintiff presents documentary evidence obtained from Defendant's website at www.whatifinnovation.com, showing that Lisa Buckley, one of Defendant's directors, has business contacts with Arkansas, and by extension, Defendant may also have contacts with Arkansas through representation of clients that sell products in Wal-Mart stores.  For these reasons, Plaintiff's request for limited jurisdictional discovery is meritorious and will be granted.

Accordingly, IT IS ORDERED that the Court's decision regarding Defendant's Motion to Dismiss (Doc. 9) shall be deferred pending an opportunity for Plaintiff to conduct limited

jurisdictional discovery on the issue of Defendant's minimum contacts with the forum. Jurisdictional discovery will conclude by **August 6, 2013**.

IT IS FURTHER ORDERED that any supplementary briefing by Plaintiff on the topic of personal jurisdiction and/or venue must be filed no later than **August 12, 2013**. Defendant may submit a reply to any such briefing by Plaintiff on the subject of personal jurisdiction and/or venue no later than **August 29, 2013**.

IT IS FURTHER ORDERED that until the Court resolves Defendant's pending Motion to Dismiss (Doc. 9), all deadlines set forth in the Court's Initial Scheduling Order of April 18, 2013, including the proposed trial date, are hereby terminated. The Court will issue a revised scheduling order, if necessary, following its decision on Defendant's Motion to Dismiss.

IT IS SO ORDERED this 8th day of May, 2013.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE